

*Attorneys at Law*
45 BROADWAY, 28TH FLOOR, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY


May 29, 2026

<u>*VIA* ECF:</u>
Hon. Katherine Polk Faila
United State District Judge
Southern District of New York



> **Re:**   ***Claudia Tripi v. CR Gems, Inc., et al.,***
> <u>Case No.: 1:25-cv-10095-KPF</u>

Your Honor:

This office represents Plaintiff in the above referenced matter.  Pursuant to the Court's Order dated May 1, 2026, Plaintiff and Defendants CR Gems, Inc., et al., respectfully submit the following joint letter.

1) **A BRIEF STATEMENT OF THE NATURE OF THE ACTION, PRINCIPAL DEFENESES**

<u>Plaintiff's Position:</u>

Plaintiff asserts claims against Defendants CR Gems, Inc., JSD Trading Ltd., and Jeetendra Singh Dosanjh of discrimination, sexual harassment, and retaliation under Title VII and the New York State and City Human Rights Laws. Plaintiff also asserts a claim against corporate Defendants under the Federal Equal Pay Act and the New York Equal Pay Act.  A brief description of the underlying facts of these claims follows. On or around September 2022, Plaintiff, a Hispanic female, began her employment with corporate Defendants as a Sales/Customer Service Representative and was under the control of the owner/CEO Defendant Dosanjh.  Throughout her employment, Defendant Dosanjh subjected Plaintiff to continuous verbal abuse and harassment on the basis of her race, national origin, gender, and physical appearance. Defendant Dosanjh also monitored her movements via workplace camera, controller her bathroom breaks, and made sexually inappropriate comments and gestures during business trips. Plaintiff complained about Defendant Dosanjh's conduct directly to him and to manager Amber Morris, but no corrective action was taken.  In addition, Defendants later hired a male employee, David Beck, for the same role as Plaintiff.  Despite less experience, David Beck was paid significantly more than Plaintiff and afforded more workplace privileges.  When Plaintiff complained about the pay disparity, her complaints were also dismissed.  Plaintiff was ultimately terminated while on vacation on or around October 2024, and David Beck assumed her position.

<u>Defendants' Position:</u>

Defendant JSD Trading Ltd is an independent entity operating only in the UK which has no control over any other individuals or businesses in the United States. Defendant JSD Trading Ltd., intends to move for dismissal after discovery has been completed on Plaintiff's claim of joint enterprise because the issue is intertwined with whether or not service could have been performed in New York. Plaintiff was an employee of Defendants CR Gems, Inc., working as a counter clerk. Defendant Jeetendra Dosanjh at no time discriminated against Plaintiff who was treated well as an employee and was liked by Defendant Dosanjh. Defendants CR Gems, Inc., subsequently hired David Brock as a salesman to bring in business by scouting for customers and bringing customers into the store. Plaintiff's employment was never terminated. Not only did Plaintiff not complain about any alleged discrimination, but she constantly praised and thanked Defendant Dosanjh for her job at CR Gems, Inc. Plaintiff introduced Defendant Dosanjh to her husband telling Mr. Dosanjh how much she liked him and she asked Mr. Dosanjh if CR Gems, Inc., could also hire her sister because it was such a great job.

2) **THE MAJOR LEGAL AND FACTUAL ISSUES MOST IMPORTANT TO RESOLVING THE CASE**

The major legal and factual issues are as follows.  First, whether or not David Beck performed substantially equal work to Plaintiff and whether he was indeed paid significantly more than her, and if so, is there any legitimate gender-neutral justification.  Second, whether Plaintiff's complaints to Amber Moore were considered protected activity and whether her termination was casually linked to those complaints – particularly given she was terminated while on vacation.  Third, whether or not Defendant Dosanjh's conduct was based on Plaintiff's race, national origin, gender, height and weight and if such comments, behaviors, surveillance, and FaceTime's rose to the level of an actionable hostile work environment. Finally, whether or not CR Gems and JSD Trading Ltd. are operating as a single integrated enterprise or joint employers, sharing payroll, accounting, inventory and operational control under Defendant Dosanjh.

Defendants assert that there are major factual issue regarding how Plaintiff ended her employment voluntarily, whether Plaintiff made any complaints, and whether there was any conduct by Defendant Dosanjh.

3) **A STATEMENT OF ALL EXISTING DEADLINE, DUE DATES, AND/OR CUT-OFF DATES**

The only current deadlines are that the parties exchange Discovery Protocols for Counseled Employment Cases within 30 days of the Administrative Order made on May 7, 2026, (by June 8, 2026) and that the parties participate in a mediation session within 60 days of the Administrative Order (by July 6, 2026).

4) **BRIEF DESCSRIPTION OF ANY DISCOVERY THAT HAS ALREADY TAKEN PLACE AND/OR IS NECESSARY FOR THE PARTIES TO ENGAGE IN MEANINGFUL SETTLEMENT DISCSUSIONS**

No discovery has yet taken place.  However, according to the Southern District's Administrative Order, the parties will exchange such documents and information as required before June 8, 2026.  Discovery that may be helpful to engage in meaningful settlement negotiations include communications between Plaintiff and Defendant Dosanjh and Plaintiff and Amber Moore regarding the factual basis of this action and complaints made/reasons for termination.  Also, documents detailing the wages and job responsibilities of David Beck in comparison to Plaintiff.

5) **SETTLEMENT DISCUSSIONS AND POTENTIAL SETTLEMENT CONFERENCE**

The parties engaged in some preliminary discussions regarding settlement back in late 2024, and mid-2025. However, since the lawsuit commenced, the parties have not resumed settlement negotiations. The parties believe that participation in the District's Mediation Program, in accordance with the Southern District's Administrative Order would be appropriate, and, if not resolved, a Settlement Conference following would be appropriate.

6) **ANY ADDITIONAL INFORMATION THAT MAY ASSIST THE COURT**

The parties have been in contact to schedule an ESI meet and confer next week.

Respectfully submitted,

*/s/ Joshua M. Friedman*
Joshua M. Friedman, Esq.
Phillips & Associates, PLLC
*Attorneys for Plaintiff*
45 Broadway, 28th
New York, New York 10006
jfriedman@tpglaws.com

The Court thanks the parties for the above update.  It will enter their Case Management Plan and set a post-fact pretrial conference date under separate cover.  The parties shall inform the Court if and when they wish to be referred to Magistrate Judge Lehrburger for a settlement conference.

Dated:    June 1, 2026
          New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE